(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Norma L. Moore

_____

(Name of Plaintiff or Plaintiffs)

v.   CIVIL ACTION No. 08-143

Staples

_____

(Name of Defendant or Defendants)

## COMPLAINT UNDER TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for employment discrimination. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff resides at 1201 N. Harrison, Apt. 306,
(Street Address)
Wilmington   New Castle   De   19806
(City)        (County)    (State) (Zip Code)
302/384/2017
(Area Code) (Phone Number)

3. Defendant resides at, or its business is located at 3640 Concord Pike
(Street Address)
Wilmington   New Castle   De
(City)        (County)    (State)    (Zip Code)

4. The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's Staples' _____ place of bussiness
(Defendant's Name)
located at 3640 Concord Pike
(Street Address)
Wilmington   New Castler   De
(City)        (County)    (State)    (Zip Code)

5. The alleged discriminatory acts occurred on _____, October, 2006.
   (Day)  (Month)  (Year)

6. The alleged discriminatory practice ○ is  ☒ is not continuing.

7. Plaintiff filed charges with the Department of Labor of the State of Delaware,

   _____
   (Agency)     (Street Address)     (City)

   _____, regarding
   (County)     (State)     (Zip Code)

   defendant's alleged discriminatory conduct on _____, _____, _____.
   (Day)  (Month)  (Year)

8. Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: 7th, May, 2007.
   (Day)  (Month)  (Year)

9. The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: 17th, December, 2007.
   (Day)  (Month)  (Year)

**(NOTE: ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)**

10. The alleged discriminatory acts, in this suit, concern:
    A. ○ Failure to employ plaintiff.
    B. ○ Termination of plaintiff's employment.
    C. ☒ Failure to promote plaintiff.
    D. ○ Other acts (please specify below)

When I was in the process of being trained in the copy & print center, I was not given the opportunities to learn other procedures as were other employees, I was kept on the cash register. The management personnel said I was not proficient on the cash register, although when I was transferred, it was to a cash register where the duties were exactly the same as in the copy and print center.

11. Defendant's conduct is discriminatory with respect to the following:

    A. ○ Plaintiff's race

    B. ○ Plaintiff's color

    C. ○ Plaintiff's sex

    D. ○ Plaintiff's religion

    E. ○ Plaintiff's national origin
         *Plaintiff's age*

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

***THEREFORE*, Plaintiff prays as follows: (Check appropriate letter(s))**

    A. ✓ That all fees, cost or security attendant to this litigation be hereby waived.

    B. ✓ That the Court appoint legal counsel.

    C. ✓ That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _03/11/08_

_Norma L. Moore_
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

EEOC Form 161 (10/96)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Norma Moore  
1201 N. Harrison Street, Apt. 306  
Wilmington, DE 19806

From: Equal Employment Opportunity Commission  
Philadelphia District Office  
801 Market Street, Suite 1300  
Philadelphia, PA   19107-3127

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2007-02225 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____   December 17, 2007
Marie M. Tomasso, District Director   *(Date Mailed)*

Enclosure(s)  
   Information Sheet

cc:   Staples Office Supply  
   Cindy Westervelt, Senior Counsel (For Respondent)

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA backpay recovery period.

ATTORNEY REPRESENTATION -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>530-2007-02225 |
|---|---|---|

Delaware Department of Labor _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Ms. Norma L. Moore | Home Phone No. (Incl Area Code) | Date of Birth<br>01-02-1933 |
|---|---|---|
| Street Address<br>1201 N. Harrison Street, Apt. 306, | City, State and ZIP Code<br>Wilmington, DE 19806 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>STAPLES OFFICE SUPPLY | No. Employees, Members<br>Over 500 | Phone No. (Include Area Code)<br>(302) 477-1161 |
|---|---|---|
| Street Address<br>3640 Concord Pike, | City, State and ZIP Code<br>Wilmington, DE 19806 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Feb. 2007 / ~~03-21-2007~~ Feb. 26, 2007
Latest: 03-21-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by STAPLES OFFICE SUPPLY on November 17, 2004 as a Greeter-Sales Associate. Several months ago I transferred to the Copy and Print Center. ~~I was out of work for a few weeks and I~~ was told that my job as Greeter was eliminated although I did not know it would be when I was given the choice of going back to my old job (Greeter) or staying in the Copy and Print center. I was sent to work as Cashier (which I was told that I was not proficient in doing). ~~In or around March 21, 2007~~, I was informed by Bill Waddell, Caucasian, District Manager, that the Greeter job would be deleted and he would send me back to the print and copy center. When I told him that I did not think they wanted me there he said to leave that to him, he would take care of it. My hours were changed (~~unknown exactly when~~ March 21, 26) from 37.5 hours(full-time) to 22 hours(part-time). Younger employees have not had their hours changed. and the store has hired several new people (younger than me).

II. No explanation was given to me for the change in my hours nor the elimination of my job.

III. I believe that I have been discriminated against by being denied ~~full-time hours~~ permanent status because of my age, 74, in violation of the Age Discrimination in Employment Act of 1967, as amended (ADEA). I am the oldest employee in the entire store and am being treated differently than younger employees.

(see attached)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 5/2/07   Norma L. Moore<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

RECEIVED 07 MAY 11 PHILADELPHIA D.O. 11:29

I was hired by STAPLES OFFICE SUPPLY on November 17, 2004 as a Greeter-Sales Associate. Several months ago, after repeated requests, and being told I had to be trained (others were told that they didn't have to be trained, a person younger than me) I was transferred to the Copy and Print Center. I worked in the Copy and Print Center approximately six months. There was an opening for a permanent full time and I asked to be considered for it. When I was given my review, the comment was made that I was not proficient at the cash register. I was given the choice of going back to my old job as Greeter or continuing to work in the Copy and Print Center. I chose to go back to my old job as Greeter. I was not told until later that my job as Greeter was being eliminated. I was informed by Bill Waddell, district manager, that the Greeter position was being eliminated and he would send me back to the Copy and Print Center. When I told him that I did not think they wanted me there he said to leave that to him, he would take care of it, that he had heard only good things about my work there. I was sent to work in the money room and as cashier (which I was told that I was not proficient in doing). My hours were changed approximately March 21, 2007 from 37.5 hours (full-time as stated by R. Noon of Staples Human Resources Dept.) to 22 hours (part-time). Younger employees have not had their hours changed in that manner and several new people have been hired (younger than I am). I was not asked the hours that I would be available and told to fill out an availability form as others were.

No explanation was given to me for the change in my hours nor the elimination of my job.

I believe that I have been discriminated against by being denied full-time hours and permanent status because of my age, 74, in violation of the Age Discrimination in Employment Act of 1967, as amended (ADEA). I am the oldest employee in the entire store and am being treated differently than younger employees.

*Norma L Moore*    *May 5, 2007*

RECEIVED - EEOC
PHILADELPHIA. D.O.
07 MAY -8 AM 11:29

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office

# INFORMATION ABOUT THE WAY YOUR CHARGE WILL BE PROCESSED AND YOUR PRIVATE SUIT RIGHTS

EEOC enforces four laws: Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), which prohibits discrimination in employment because of race, sex, color, religion and national origin; the Age Discrimination in Employment Act, as amended ("ADEA"), which prohibits employment discrimination against persons aged 40 and above; the Equal Pay Act ("EPA"), which prohibits differentials in compensation on the basis of sex; and the Americans with Disabilities Act ("ADA"), which prohibits discrimination against qualified individuals with disabilities (mental and physical) who, with or without reasonable accommodation, can perform the duties of the job in question. EEOC processes claims by employees (current or former) or applicants for employment:

## What You Can Expect After Your Charge Is Filed

All incoming written complaints, whether received by mail or in person, receive an inquiry number. When your charge has been docketed (officially filed) with the EEOC, that inquiry number is converted to a charge number. Until your charge has received a charge number (not an inquiry number), the Respondent will not be notified of your complaint. If you file your charge in person, you will normally receive a charge number at the time you sign your charge. If you file by mail you will be notified in writing of your charge number after we have received your signed charge.

**When you receive correspondence from EEOC confirming that your charge has been docketed and stating "you need do nothing further at this time," you will know that the Respondent was sent a copy of the charge at the same time.** If the Respondent indicates an interest in mediating, we will make every attempt to negotiate an agreement that is acceptable to you and the Respondent. If an agreement is reached, it will be prepared in writing to be signed by you, the Respondent and EEOC. If the charge is not settled, it will be investigated, although the Commission will continue to make settlement efforts as appropriate.

The time span from the date a charge is filed to its assignment to an Investigator varies, but there may be considerable delay because of the volume of charges. Since each Investigator has many charges in his/her caseload, there will probably be a further delay after assignment before the investigation of your charge is completed. The Investigator will contact you and provide you with his/her name and telephone number when the case is assigned and will contact you when necessary during the course of the investigation. Your patience and cooperation during the processing of your charge will be greatly appreciated.

You are expected to assist in the investigation by providing supporting data for your allegations and any other information requested by the Investigator. When the Respondent submits a formal response to your charge, we will provide you with a detailed understanding of the Respondent's position. We will ask you to tell us what portions of the response are accurate and what portions are not accurate, and to call our attention to any evidence you are aware of that will contradict the Respondent's response to EEOC.

You should keep the following records: 1) documents in support of your allegations; 2) records indicating any expenses or losses resulting from the alleged discrimination (e.g., medical bills, job training expenses);

1

**U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

**Important Notes:**

1) The EEOC has a voluntary mediation program. If the Respondent named in your charge expresses a willingness to engage in a mediation attempt and our resources permit including your charge in the program, you will be contacted and offered the opportunity to have your charge mediated. The details of the program will be explained fully to you at that time.

2) Because of the high volume of charges filed in the Philadelphia District Office, we transfer some charges each year to the Pittsburgh Area Office and/or the Cleveland Field Office for investigation. Both these offices are part of the Philadelphia District and have similar case-processing procedures. Furthermore, these offices have lower inventories than Philadelphia and the transfers normally result in speedier resolutions of both the charges sent to those offices and the charges retained in the Philadelphia District Office. You will be notified in writing if your charge is transferred to either of those offices.

**Your Private Suit Rights**

The following are your rights under the laws administered by EEOC concerning filing a private lawsuit in U.S. District Court.

- YOUR PRIVATE SUIT RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT ("TITLE VII") -

A Title VII charge preserves your right to sue the Respondent named in your charge. Upon receipt of a Notice of Right to Sue, aggrieved persons can sue for backpay, compensatory and punitive damages, appropriate make-whole relief or other injunctive relief, and attorney's fees (including expert fees) and costs.

There are a number of circumstances in which we will give you a Notice of Right to Sue. You must then file a lawsuit in U.S. District Court within 90 days from the Notice if you wish to enforce your rights in court. Once this 90-day period is over, your right to sue is lost. EEOC may give you a Notice of Right to Sue in the following circumstances:

- If You Ask for a Notice of Right to Sue. You may not wish to wait for EEOC to complete its investigation or you may have retained an attorney who is recommending that you sue now. You can obtain a Notice of Right to Sue by writing to the EEOC Office where your charge is filed and requesting that EEOC issue the Notice to you, even though we have not completed the investigation. EEOC will issue a Notice to you 180 days after you filed your charge. (In some cases, if you ask, we can issue the Notice to you earlier, if we know the investigation will take a long time to complete.) In most cases, upon issuance of the Notice, no further processing will take place and the charge will be closed.

- If EEOC Finds No Violation with Respect to the Allegation in your Charge. Before this happens, we will give you an opportunity to provide additional evidence. When the investigation is over, the director will issue a Letter of Determination stating that there are no violations. This Letter will notify you of your right to sue within 90 days.

- If EEOC Finds a Violation, Cannot Obtain Relief and Decides Not to Sue on Your Behalf. When EEOC finds a violation and does not succeed in obtaining relief from the Respondent, the case is reviewed by the District's Legal Unit to determine whether a suit will be filed. Remember, if the charge is filed under Title VII or the ADA and the Respondent is a unit of State or local

3

I was hired by STAPLES OFFICE SUPPLY on November 17, 2004 as a Greeter-Sales Associate. Several months ago, after repeated requests, and being told I had to be trained (others were told that they didn't have to be trained, a person younger than me) I was transferred to the Copy and Print Center. I worked in the Copy and Print Center approximately six months. There was an opening for a permanent full time and I asked to be considered for it. When I was given my review, the comment was made that I was not proficient at the cash register. I was given the choice of going back to my old job as Greeter or continuing to work in the Copy and Print Center. I chose to go back to my old job as Greeter. I was not told until later that my job as Greeter was being eliminated. I was informed by Bill Waddell, district manager, that the Greeter position was being eliminated and he would send me back to the Copy and Print Center. When I told him that I did not think they wanted me there he said to leave that to him, he would take care of it, that he had heard only good things about my work there. I was sent to work in the money room and as cashier (which I was told that I was not proficient in doing). My hours were changed approximately March 21, 2007 from 37.5 hours (full-time as stated by R. Noon of Staples Human Resources Dept.) to 22 hours (part-time). Younger employees have not had their hours changed in that manner and several new people have been hired (younger than I am). I was not asked the hours that I would be available and told to fill out an availability form as others were.

No explanation was given to me for the change in my hours nor the elimination of my job.

I believe that I have been discriminated against by being denied full-time hours and permanent status because of my age, 74, in violation of the Age Discrimination in Employment Act of 1967, as amended (ADEA). I am the oldest employee in the entire store and am being treated differently than younger employees.

*Mrs. L. Moore*