UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORMA L. MOORE,<br><br>                Plaintiff,<br><br>v.<br><br>STAPLES, INC.,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 08-CV-143-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT STAPLES, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

The Defendant, Staples, Inc., ("Staples" or "Defendant"), answers the correspondingly numbered paragraphs of Plaintiff Norma L. Moore's ("Ms. Moore" or "Plaintiff") Complaint (the "Complaint") as follows:

**GENERAL ALLEGATIONS**

1. Defendant denies that Plaintiff's Complaint can be brought pursuant to Title VII of the Civil Rights Act of 1964 in that the allegations in Plaintiff's Complaint involve age discrimination, but admits that this action may be brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended.

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Defendant admits it maintains a place of business at 3640 Concord Pike, Wilmington, Delaware.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6.  Defendant denies the allegations in Paragraph 6 of the Complaint, and that Staples states that it did not discriminate against Plaintiff.

7.  Because Plaintiff has left blank any allegations in Paragraph 7 of the Complaint, there is no basis on which for Defendant to admit or deny them. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8.  Defendant admits that Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC"), but lacks sufficient knowledge or information to form a belief as to the date Plaintiff filed her charge and therefore denies the allegation.

9.  Defendant admits that on December 17, 2007, the EEOC issued a finding that it was unable to conclude that the information it obtained established violations of the statutes, and issued a Notice of Suit Rights.

10. Defendant denies the allegations in Paragraph 10 of the Complaint, except to admit that Staples provided Plaintiff with cross-training opportunities to provide her with more responsibility and earning potential.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits that it received a copy of Plaintiff's EEOC charge attached to the Complaint, but denies the allegations in the EEOC charge, except to admit it hired Complainant as a part-time associate in Staples' Wilmington, Delaware store on November 17, 2004 when she was 71 years old; Plaintiff received good annual reviews and raises; Staples provided Plaintiff with cross-training opportunities to provide her with more responsibility and

earning potential; and the only reason Plaintiff did not receive a full time position was because she did not have open availability to work a flexible schedule as required in a full time position. Staples further admits that Plaintiff stated that she was unable to work after a certain hour and could not work weekends due to transportation issues, and voluntarily resigned on March 22, 2007 because "things were just not working out."

13. Paragraph 13 of the Complaint contains legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations in Paragraph 14 of the Complaint.

15. The paragraph following numbered Paragraph 15 contains Plaintiff's prayer for relief, to which no answer is required. To the extent an answer is required, Defendant denies that Plaintiff has suffered any damages or is entitled to the specific relief sought or to any other relief whatsoever.

All other allegations or averments of the Complaint which have not been specifically admitted are hereby denied, and Defendant further denies that Plaintiff has suffered any damages and is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by it, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish her alleged damages.

### FIRST AFFIRMATIVE DEFENSE

16. Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

17. All of Defendant's conduct was consistent with the law governing employers, including the business judgment rule.

### THIRD AFFIRMATIVE DEFENSE

18. Plaintiff's own acts, omissions, or negligence, including but not limited to, her

### FOURTH AFFIRMATIVE DEFENSE

19. voluntary resignation from employment with Defendant, bar her recovery.

### FIFTH AFFIRMATIVE DEFENSE

20. Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced, because Plaintiff caused or contributed to such damages by initiating the actions alleged to have caused her damages.

## SIXTH AFFIRMATIVE DEFENSE

21.  Plaintiff's claims are barred, in whole or in part, because she was an at-will employee and therefore had no contract of employment with the Defendant or right to continued employment.

## SEVENTH AFFIRMATIVE DEFENSE

22.  Plaintiff has failed to mitigate her damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

23.  Plaintiff cannot recover because she has suffered no damages.

## NINTH AFFIRMATIVE DEFENSE

24.  Defendant is not responsible for the acts of employees which were outside the course and/or scope of its duties to which those employees were assigned, including intentional acts and/or criminal acts not taken in furtherance of Defendant's objectives.

## TENTH AFFIRMATIVE DEFENSE

25.  Defendant expressly denies that any of its employees, officers, or agents acted in any manner that would constitute any violation of applicable federal or Delaware law; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

26.  Defendant did not and does not authorize, condone, ratify, or tolerate acts in violation of federal or Delaware law but instead prohibited and prohibits them, and any such

conduct may not be attributed to Defendant through principles of agency, respondeat superior, or otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

27.     Any purported claim for punitive damages is barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff her legal rights, and are not so wanton or willful as to support an award of punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

28.     Defendant may not be held vicariously liable for any punitive damages awarded because any acts constituting any violation of federal or Delaware law by managerial agents or officers were contrary to Defendant's good faith efforts to comply with federal and Delaware law.

## RESERVATION OF RIGHTS CLAUSE

Staples reserves its right to amend its answers and to assert any additional affirmative defenses as may become available or apparent during the course of discovery in this case.

WHEREFORE, Staples prays that the Court enter judgment: dismissing the Complaint on the merits and with prejudice; granting to Defendant its costs, including attorneys' fees, incurred in this action; and granting to Defendant further relief as the Court may deem just and proper.

TYBOUT, REDFEARN & PELL

*/s/ (signature) for SRF (5035)*
SHERRY RUGGIERO FALLON #2464
750 Shipyard Drive, Suite 400
P.O. Box 2092
Wilmington, DE   19899-2092
(302)658-6901

And

Jessica R. Hughes
Seyfarth Shaw, LLP
815 Connecticut Avenue, Suite 500
Washington, DC 20006

Attorneys for Defendant Staples, Inc.

7

## CERTIFICATE OF SERVICE

I, Sherry Ruggiero Fallon, certify that I am not less than 18 years of age, and that service of the Defendant Staples Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint was made on August 14, 2008, upon:

<u>First-Class Mail</u>
Norma L. Moore
1201 N. Harrison St., Apt. 306
Wilmington, DE 19806
Pro Se Plaintiff

Under penalty of perjury, I declare that the foregoing is true and correct.

TYBOUT, REDFEARN & PELL

_____
SHERRY RUGGIERO FALLON
Bar ID # 2464
Tybout, Redfearn & Pell
750 Shipyard Drive
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys for Defendant
Staples, Inc.