IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NORMA L. MOORE,                )
                               )
        Plaintiff,             )
                               )
    v.                         ) Civ. No. 08-143-SLR
                               )
STAPLES, INC.,                 )
                               )
        Defendant.             )

Norma L. Moore, Wilmington, Delaware. Pro se Plaintiff.

Sherry Ruggiero Fallon, Esquire, of Tybout, Redfearn & Pell, Wilmington, Delaware, and Reenah L. Kim, Esquire, of Seyfarth Shaw LLP, Wilmington Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: July 9, 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On March 11, 2008, Norma L. Moore ("plaintiff"), a pro se plaintiff proceeding in forma pauperis, filed suit against her former employer, Staples Inc. ("defendant"), alleging that defendant discriminated against her in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). (D.I. 2) Plaintiff alleges that defendant, without justification, reduced her hours from permanent status to part-time status while the hours of younger employees remained unchanged. Currently before the court is defendant's motion for summary judgment. (D.I. 22) This court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court grants defendant's motion for summary judgment.

## II. BACKGROUND

On or about November 17, 2004, at the age of 71, plaintiff began working at the Staples office supply store in Wilmington, Delaware. (D.I. 24 at 8) Plaintiff initially worked as a "greeter" for defendant and eventually became a sales associate within Staples' copy and print center.[1] (Id. at 10, 11) After working in the copy and print center five or six months, plaintiff requested a transfer to a new position. (Id. at 11, 12) Plaintiff asserts that the department manager, Chris Goodman ("Goodman"), treated her differently than the younger employees within the department because Goodman

---

[1] Before beginning to work in the copy and print center, plaintiff was required by the department manager to receive training. Plaintiff contends that another employee, Jennifer Van Wickler ("Van Wickler"), who plaintiff believed to be in her early twenties, was able to work in the copy and print center without receiving any training because she would be "supported" by the manager. (D.I. 24 at 20)

may not have been comfortable with her age.[2] (*Id.* at 14, 21-22) Plaintiff further believes that she was not given the opportunity to receive advanced training in the copy and print center[3] (*id.* at 44) and, as a result, a full-time position in the department was given to a younger employee.[4] (*Id.* at 47) Upon transfer from the copy and print center, plaintiff began working in the money room. (*Id.* at 25) While there, plaintiff claims that Virginia Finn ("Finn"), the store manager, treated her differently than younger employees by creating additional clerical tasks that only she was required to perform.[5] (*Id.* at 27-28)

In March 2007, plaintiff submitted a resignation letter to Finn, plaintiff's hours were reduced from 37½ hours per week (full-time) to 22 hours per week (part time), and defendant hired several younger employees. (*Id.* at 55, 57, 113) Defendant asserts that it reduced plaintiff's working hours and hired other employees only after plaintiff gave notice of her voluntary resignation. (*Id.* at 120) Throughout the time plaintiff was employed with defendant, she received favorable performance reviews

---

[2]Plaintiff acknowledges that Goodman never said anything which would suggest that he took age into consideration when making employment decisions. (D.I. 24 at 22)

[3]Goodman informed plaintiff that, until she was proficient on the cash register, she would not receive advanced training within the copy and print center. (D.I. 24 at 44) Plaintiff's 2006 annual performance review acknowledges plaintiff's need to develop her proficiency on the cash register. (D.I. 24 at 104, 106)

[4]Plaintiff assumes that Van Wickler received the full time position based on the further assumption that plaintiff and Van Wickler were the only two employees who were interested in the position. (D.I. 24 at 47)

[5]After plaintiff's transfer to the money room, the additional tasks Finn asked plaintiff to complete became part of the standard money room job description. (D.I. 24 at 27, 29)

from supervisors Finn and Goodman. (*Id.* at 99-106) Based on the these performance reviews, plaintiff received yearly compensation increases. (*Id.* at 107-108)

On May 2, 2007, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") claiming that because of her age, plaintiff's hours had been reduced to part time while the working hours of younger employees remained unchanged and new employees (younger than plaintiff) were hired. (D.I. 2 at 7) On December 17, 2007, the EEOC released its determination that it was unable to conclude whether or not the actions of defendant violated any employment discrimination statutes. (*Id.* at 4) Plaintiff filed the present action on March 11, 2008.

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Indeed, to survive a motion for summary judgment, plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION [6]

The ADEA prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). Because plaintiff has not

---

[6] The court addresses complaints of age discrimination which plaintiff raises in her complaint (D.I. 2) and deposition testimony (D.I. 24), and which plaintiff asserts in her opposition brief to defendant's motion for summary judgment. (D.I. 25) Plaintiff's claims regarding defendant's failure to post a certificate reflecting plaintiff being named employee of the month and defendant's failure to reprimand plaintiff's co-workers for taking numerous smoke breaks (plaintiff does not complain of being reprimanded for taking breaks from work) will not be addressed as such actions are minor and cannot be considered adverse employment actions.

provided direct evidence of age discrimination,[7] this court analyzes her claim under the three-step burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Fasold v. Justice*, 409 F.3d 178, 184 (3d Cir. 2005). The burden shifting anlysis under the ADEA requires that plaintiff first establish a prima facie case of age discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). To establish a prima facie case of age discrimination, plaintiff must show that: (1) she is over forty; (2) she is qualified for the position in question; (3) she suffered from an adverse employment decision; and (4) her replacement was sufficiently younger to permit a reasonable inference of age discrimination. *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004) (citing *Duffy v. Paper Magic Group, Inc.*, 265 F.3d 163, 167 (3d Cir. 2001)). All four elements must be satisfied to establish a prima facie case. *Fakete v. Aetna*, 308 F.3d 335, 338 n.3 (3d Cir. 2002). Once plaintiff has established a prima facie case, the burden shifts to the defendant to produce evidence of a legitimate nondiscriminatory reason for the adverse action. *See McDonnell Douglas*, 411 U.S. at 802. If defendant carries this burden, the presumption of discrimination drops from the case, and plaintiff must "cast sufficient doubt" upon defendant's proffered reasons to permit a reasonable fact finder to conclude that the reasons are fabricated. *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1072 (3d Cir. 1996).

---

[7]Plaintiff has not provided direct statements or actions taken by any employee of defendant which would evidence age discrimination against plaintiff. (D.I. 24 at 86-87) Plaintiff relies on "feelings" she experienced while an employee. (*Id.*)

Defendant does not challenge the first two factors identified by the Thrid Circuit, to wit, that plaintiff is over forty years of age and was qualified for her job. Defendant denies, however, that plaintiff suffered an adverse employment action or that plaintiff was treated differently than younger employees, thus preventing plaintiff from establishing a prima facie case. For the following reasons, the court agrees with defendant that plaintiff has failed to establish a prima facie case of age discrimination.

### A. Adverse Employment Action

Plaintiff is claiming that the treatment she received while working in the copy and print center, along with the reduction in her working hours from full to part-time status, constituted adverse employment actions resulting from age discrimination. With respect to plaintiff's employment while working within the copy and print center, the court is unpersuaded that any of the incidents cited by plaintiff amount to an adverse employment action resulting from age discrimination.

### 1. Allegations relating to fellow employee Van Wickler

Plaintiff's sole basis for believing that Van Wickler, fellow copy and print center employee, was not required to receive training before working in the department is a single conversation which plaintiff overheard between Goodman and Van Wickler. Plaintiff, however, conceded that Goodman's statement made during this conversation concerning "support" presumably included giving Van Wickler training, and plaintiff recognized that all new employees who begin working in the copy and print center have to be trained at some point. (D.I. 24 at 20, 48) If Van Wickler received training, she

was treated no differently than plaintiff and, therefore, plaintiff cannot show that she suffered an adverse employment action.

Plaintiff further asserts that Van Wickler received advanced training while working in the copy and print center and thereby received a full-time position in the department instead of plaintiff. (*Id.* at 44, 47) Plaintiff, however, is unaware if Van Wickler (or anyone) actually received a full-time position within the copy and print center. (*Id.* at 47) Without proof that a full-time position was open, and that plaintiff was qualified for and denied that position, there can be no adverse employment action.[8] At this stage of the proceedings, with discovery completed, plaintiff must present more than conclusory allegations to demonstrate that a genuine issue for trial exists as to whether an adverse employment action as a result of age discrimination occurred. *See Podobnik,* 409 F.3d at 594 (quoting *Celotex,* 477 U.S. at 325).

### 2. Actions by manager Goodman

Plaintiff alleges that Goodman would "watch everything [she] did" while working in the copy and print center, and that he would not do this to any other employee. Plaintiff also states that Goodman required plaintiff to finish and submit an assignment while a younger employee, Mary Mashura ("Mashura"), was not so required. With respect to plaintiff's first suspicion, even if the monitoring of plaintiff's actions were aggressive enough to constitute an adverse employment action, there is nothing to

---

[8] Further, even if the full-time position did exist, defendant had a legitimate reason to exclude plaintiff from consideration. Plaintiff acknowledges that Goodman informed her that she would not receive advanced training until she improved her cash register proficiency, and that this was reasonable for Goodman to do. (D.I. 24 at 44-45)

7

suggest that this action was the result of age discrimination.[9] Plaintiff admitted in her deposition that Goodman never said or did anything which would suggest that he took age into consideration when running and making decisions within the copy and print center.[10] (D.I. 24 at 22) As plaintiff cannot show that she suffered aggressive monitoring as a result of age discrimination, she has not suffered an adverse employment action cognizable under the ADEA. Additionally, as noted supra, plaintiff cannot rely on her own conclusory allegations that such employment actions may have resulted from age discrimination to show a genuine issue for trial and avoid summary judgment. *See Podobnik,* 409 F.3d at 594 (quoting *Celotex,* 477 U.S. at 325).

Plaintiff has failed to show an adverse employment action regarding Goodman's failure to reprimand Mashura for the same reasons as noted above. Goodman testified

---

[9] The Third Circuit has recognized that aggressive monitoring of employees may constitute an adverse employment action in a retaliation claim, however, if the aggressive monitoring is not causally connected to the protected activity then there is no cause of action under the ADEA. *See Walsh v. Wal Mart Stores, Inc.,* 200 F.App'x 134, 137 (3d Cir. 2006). Although not specifically addressed by the Third Circuit, this court applies the same reasoning to an age discrimination claim.

[10] In plaintiff's opposition brief to defendant's motion for summary judgment, plaintiff recalls two situations where Goodman commented on plaintiff's age. (D.I. 25 at ¶ 15) Plaintiff states that Goodman made remarks such as "Norma likes to keep busy because she is older," and "Norma is older than you and she made 100." (*Id.*) Plaintiff claims that she did not remember these comments at the time of her deposition when she explicitly stated that Goodman never said anything concerning her age.

Even if the court were to characterize these comments as derogatory, which they do not appear to be, the court exercises its discretion to disregard these untimely assertions, not made under oath and not tested through discovery. *See Jiminez v. All Am. Rathskeller,* 503 F.3d 247, 253-54 (3d Cir. 2007); *Hackman v. Valley Fair,* 932 F.2d 239, 241 (3d Cir. 1991). As plaintiff only recollects the aforementioned statements in her opposition to defendant's motion for summary judgement, it appears that plaintiff "is willing to offer a statement solely for the purpose of defeating summary judgment" and, therefore, "it is proper... to conclude that no reasonable jury could accord that affidavit evidentiary weight and... summary judgment is appropriate." *Jiminez,* 503 F.3d at 253.

8

that "the reason [he] didn't say anything to [Mashura] was because [he] was too ill." (D.I. 24 at 31-32) If Goodman treated plaintiff differently, the record indicates that it was not for any reason relating to plaintiff's age.

### 3. Actions by general manager Finn

Similarly, plaintiff claims that she was required by Finn to perform additional clerical tasks while working in the money room which younger employees did not have to complete. While it is true that, before plaintiff began working in the money room, the additional tasks described by plaintiff were not required, all tasks became part of the general money room job description at the time plaintiff began her training. (D.I. 24 at 27, 29) Consequently, plaintiff was not treated differently than any other money room employee, regardless of age; plaintiff did not suffer an adverse employment action in this regard.

### B. Less Favorable Treatment than Younger Employees

Plaintiff's final contention is that her working hours were reduced from full-time to part-time, while the hours of all other employees remained unchanged, and that defendant concomitantly hired several young employees. Plaintiff asserts that this reduction in her working hours required her to terminate her employment with defendant. Defendant, alternatively, argues that plaintiff gave notice of her voluntarily resignation on March 22, 2007 and that defendant reduced her hours and hired other employees only subsequent to receipt of such notice. (D.I. 24 at 113, 120 at ¶ 23, 24)

Although a reduction in working hours can constitute an adverse employment action, plaintiff fails to present evidence that this action was the result of age discrimination or that she was replaced by younger employees. Other than plaintiff's

9

conclusory testimony and subjective feelings, there exists no record evidence that plaintiff's hours were reduced to accommodate younger employees, or that plaintiff's age played a factor in any of the conditions of her employment. "The mere fact that plaintiff was older than her coworkers does not automatically make the actions of which plaintiff complains age-related." *Witcher v. Sodexho, Inc.*, 478 F.Supp.2d 663, 674 (D. Del. 2007). Plaintiff has failed to make a sufficient showing on this essential element of her prima facie case, and defendant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.[11]

The court finds that plaintiff has failed to meet her burden of proof with respect to the third and fourth prongs of the prima facie test. Therefore, defendant is entitled to summary judgment with respect to plaintiff's claim of age discrimination.

## V. CONCLUSION

For the reasons stated above, the court will grant the defendant's motion for summary judgment. (D.I. 22) An appropriate order will issue.

---

[11] While pro se filings are liberally construed, plaintiff, following discovery, has failed to adduce any evidence that age animus motivated defendant's actions towards her and, thus, fails to show that a genuine issue of material fact exists for trial.

10